In the Matter of the Arbitration between PUBLISHERS' ASSOCIATION OF NEW YORK CITY, Appellant, and NEW YORK STEREOTYPERS' UNION NUMBER ONE, Respondent.

First Department, October 27, 1959.

*Andrew L. Hughes* of counsel (*Townley, Updike, Carter & Rodgers,* attorneys), for appellant.

*Thomas J. Craig, Jr.,* for respondent.

*Per Curiam.* The Publishers' Association of New York City appeals from an order of Special Term denying its motion to compel arbitration (Civ. Prac. Act, § 1450). The dispute under the proposed arbitration is whether this employers' association has an interest in a disciplinary case about to be brought by the New York Stereotypers' Union Number One against Chandler, a foreman employed by a member of the association, namely, the *New York Daily News.*

Under the controlling collective bargaining agreement between the employers' association and the union, if the association has an interest, the charges against Chandler are to be decided, not by the union, but by a Joint Conference Committee established under the agreement. The union contends that since the committee was evenly divided on the threshold issue whether the association has an interest in the case, the committee lost jurisdiction. Since it is concluded that under a proper construction of the agreement a fifth member of the committee must be selected to break the deadlock, the association must prevail on this appeal.

Section 62 of the collective agreement provides as follows:

" A Joint Conference Committee of four (4) members shall be maintained. It shall consist of two (2) members selected by the Publishers and two (2) members selected by the Union.

" To this Committee shall be referred for settlement any matter arising from the application of this agreement if such matter cannot be settled by conciliation between the Union and the Publisher involved.

\* \* \*

" If the Committee reaches a decision, it shall be final and binding on the parties to the dispute.

" If the Committee fails to meet or conclude its deliberations within ten (10) days from the date on which the dispute was referred to it, a fifth and impartial member shall be selected to act as chairman. If the Committee is unable to make such selection within twenty (20) days from the date on which either party requested such selection, then on notice of either party

the selection shall be made according to the method provided by the American Arbitration Association.

"The decision of the majority of this board of five (5) shall be final and binding on the parties to the dispute."

In view of the language employed in section 62, the committee can hardly be deemed to have concluded its deliberations when the committee votes two to two. A fifth member must be selected and, of course, since the enlarged committee is still the same committee, it will continue to have jurisdiction to determine whether the association's claim of interest is valid.

The union points to provisions in section 57 of the agreement to the effect that the committee shall retain jurisdiction only when it finds that the claim of interest is valid. Thus, it argues that the failure to find the claim of interest, albeit only because of a divided and deadlocked vote, means that jurisdiction must be released to the union exclusively. Such a literal reading of the language of the agreement is not tolerable. Section 57*, of course, cannot apply until after the committee has made a finding pursuant to the procedures set forth in section 62. That means a finding one way or the other, not a failure to make a finding. Moreover, even in the absence of section 62, it would be clear that the references in section 57 to a finding by the committee contemplate something more than an evenly divided vote.

As part of its motion, the association sought an order restraining the union from taking independent disciplinary proceedings against Chandler. Since the union has acknowledged its obligation not to take such steps, there seems no necessity for considering such additional relief, assuming that there is power to grant it.

Accordingly, the order of Special Term should be reversed, on the law, and the motion of petitioner-appellant granted to the extent of directing respondent to participate in the selection of a fifth member of the Joint Conference Committee as required by section 62 of the agreement and further directing that, if the Joint Conference Committee finds that petitioner has an interest in the case, the Joint Conference Committee as so constituted

---

* Section 57, in pertinent part, reads as follows:

"When the Publisher involved or the Publishers' Association indicates an interest in the case, the Joint Conference Committee automatically takes jurisdiction of the case and if it finds that the claim of interest expressed by the Publisher involved or the Publishers' Association is valid then the Committee shall retain jurisdiction of the case and promptly proceed to settle it.

"Where the Committee does not find the claim of interest by the Publisher involved or the Publishers' Association to be valid the Committee shall then release jurisdiction to the Union."

shall promptly proceed to settle the case pursuant to the agreement, with costs to petitioner-appellant.

BOTEIN, P. J., BREITEL, McNALLY, STEVENS and BASTOW, JJ., concur.

Order of Special Term unanimously reversed, on the law, and the motion of petitioner-appellant granted to the extent of directing respondent to participate in the selection of a fifth member of the Joint Conference Committee as required by section 62 of the agreement and further directing that, if the Joint Conference Committee finds that petitioner has an interest in the case, the Joint Conference Committee as so constituted shall promptly proceed to settle the case pursuant to the agreement, with costs to petitioner-appellant.

Settle order.